Cartter, Ch. J.,
delivered the opinion of the court orally:
We do not think that the proceedings in this case can be removed from the magistrate into this court for the cause alleged by the petitioner. The writ of certiorari will issue when the justice of the peace is proceeding without jurisdiction. But that is not the case here. He is enforcing a remedy conferred hy the statute to recover possession of premises upon which the tenant is in arrear for rent, and upon which he has neglected to pay taxes,.contrary to his agreement. This is a matter which the magistrate is expressly authorized to try by the act of Congress. The petitioners say that they have made extensive improvements upon the property, and that therefore they are not in default. They estimate the valuation of such improvements at the sum of $5,500, a larger amount than is due for rent, and urge that the questions and amounts involved in the case are such as a justice of the peace has no jurisdiction to try. This action is under the statute “to regulate proceedings between landlord and tenant,” and does not depend upon the value of the property or the amount or character of the rent due and unpaid. It is a summary remedy given to the landlord whenever the lease has been determined by the proper notice to quit, and the proceeding must then be conducted to a judgment before the magistrate. Any other construction of the statute would be to render its provisions useless; and if the case could be removed into this court at the option of the tenant before the trial, the party might be unable to rescue his property before the increasing burdens would consume it.
The court see no reason for sustaining the writ of certiorari in such case, and an order must be passed to quash it.